UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CASS JV, LLC, *et al.*                                                                                                   PLAINTIFFS

v.                                              CIVIL ACTION NO. 3:12-CV-359

HOST INTERNATIONAL, INC., *et al.*                               DEFENDANTS

### MEMORANDUM OPINION AND ORDER

Currently pending before the court are a motion by the plaintiffs to remand this action to the Jefferson County, Kentucky, Circuit Court (DN 9); a motion by the plaintiffs for attorneys fees (DN 10); a motion by the defendants for leave to file a sur-reply (DN 15); and a motion by the defendants for leave to file a supplemental brief (DN 17). Each of the four motions has been fully briefed, and the motions are ripe for resolution.

On April 22, 2011, plaintiff CASS JV, LLC ("CASS") filed this action in the Jefferson County Circuit Court against defendants Host International, Inc. ("Host") and GW Tinsley, LLC. The dispute in this case concerns a joint venture partnership between Host and CASS to operate food and beverage concession facilities at Louisville International Airport. According to the complaint, CASS contributed significant additional capital to the partnership pursuant to an oral contract with Host, in exchange for which Host agreed to bid on a new concession at the airport with CASS. However, when the airport authority subsequently issued an invitation for proposals for a new concession – a Chili's restaurant – Host made a bid for it with a different joint venture partner, GW Tinsley, LLC, even as Host remained in its existing partnership with CASS. CASS brought claims against Host for breach of fiduciary duty, breach of contract, breach of oral contract, and unjust

enrichment. CASS also brought a claim against both Host and GW Tinsley, LLC for conspiracy. Host and GW Tinsley, LLC filed answers to the initial complaint.

On May 21, 2012, over one year after CASS filed its initial complaint against Host and GW Tinsley, LLC, the state court granted leave for CASS to file a supplemental and amended complaint, which was deemed filed that day. The supplemental and amended complaint added Charles Nathaniel Alexander ("Alexander") as a plainitff and George William Tinsley, Sr. ("George Tinsley"), the Tinsley Family Concessions, Inc. ("Tinsley Concessions"), and Host-TFC-RSL, LLC ("Host-TFC-RSL") as defendants, while removing as a defendant GW Tinsley, LLC. In addition to reiterating the claims brought against Host in the original complaint, the plaintiffs brought the following newly-added claims: violation of the Kentucky Civil Rights Act against Host; unjust enrichment against Host-TFC-RSL; and conspiracy and aiding and abetting breach of fiduciary duty against George Tinsley and Tinsley Concessions.

On June 28, 2012, the defendants removed the case to this court based on diversity jurisdiction. The plaintiffs then filed a motion to remand the action, contending that the notice of removal was untimely and that there was not complete diversity of citizenship at the time of removal. The plaintiffs also filed a motion for attorney fees for improper removal of the case to this court. The defendants filed a response to those motions and the plaintiffs filed a reply. The defendants then moved for leave to file a sur-reply. Next, the defendants moved for leave to file a supplemental brief in opposition to the plaintiffs' remand motion. Initially, the court will grant the latter two motions and accept the defendants' sur-reply and supplemental brief. We thus turn to the issue of the propriety of the defendants' removal of the action to this court.

Federal courts have original jurisdiction over matters between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. A civil case brought in state court may be removed by a defendant to federal court if the case could have been brought in federal court originally. 28 U.S.C. § 1441(a). It is the burden of the defendant seeking to remove the case to prove the requirements for diversity jurisdiction. *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000).

> The court begins with the issue of the timeliness of the removal. 28 U.S.C. § 1446(b) states:
>
> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.[1]

In *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527 (6th Cir. 1999) the Sixth Circuit examined both the thirty-day limitation and the one-year limitation contained in the statute. In that case, the Sixth Circuit held "that a later-served defendant has 30 days from the date of service to remove a case to federal district court, with the consent of the remaining defendants." *Brierly*, 184 F.3d at 533. As to the one-year statute of limitations, the Sixth Circuit held that under the plain

---

[1] 28 U.S.C. § 1446 was amended effective January 6, 2012, but the amendments apply only to cases commenced on or after the effective date. This case was commenced prior to that date. Thus, the version of the statute quoted in the main text is applicable here.

language of the statute, "the one-year limitation on removal of diversity cases applies only to those that were not initially removable." *Id.* at 535.

The holdings in *Brierly* are sufficient for this court to find that the defendants timely filed the notice of removal. The initial complaint was filed by CASS against just two defendants: Host and GW Tinsley, LLC. According to that complaint, CASS is a limited liability company. For purposes of determining its citizenship, a limited liability company is treated like a partnership and takes the citizenship of its members. *Delay v. Rosenthal Collins Group, LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009). CASS's sole member, Charles Alexander, is a citizen of Kentucky, making CASS a citizen of Kentucky. GW Tinsley, LLC, is also a limited liability company; its member, George Tinsley, is a citizen of Florida, meaning that GW Tinsley, LLC is a Florida citizen. Lastly, Host is a corporation, which takes the citizenship of its state of incorporation and the state where it maintains its principal place of business. 28 U.S.C. § 1332(c)(1). Host is a Delaware corporation and its principal place of business is in Maryland. Thus, there was complete diversity at the time the initial complaint was filed, since neither of the initial two defendants was a citizen of the same state of which the sole plaintiff was a citizen. Accordingly, under the holding of *Brierly* that "the one-year limitation on removal of diversity cases applies only to those that were not initially removable," the one-year limitation does not apply here. 184 F.3d at 535.

Nor does the thirty-day limitation preclude removal of this case. The supplemental and amended complaint filed on May 21, 2012 added three defendants to the case: George Tinsley; Tinsley Concessions; and Host-TFC-RSL. The notice of removal states that CASS served the supplemental and amended complaint upon the defendants on May 29, 2012. Thirty days later, on June 28, 2012, the defendants removed the case. Thus, while it would have been untimely for Host

to remove since it had been named a defendant in the initial complaint, the remaining defendants removed within thirty days of first being served with a complaint naming them as defendants.[2]

The plaintiffs argue that George Tinsley and Tinsley Concessions were not new parties that had the ability to remove the case. The plaintiffs note that George Tinsley was the member of GW Tinsley, LLC, which was named in the original complaint, as well as the President and Director of Tinsley Concessions. The plaintiffs contend that those facts "effectively" rendered both George Tinsley and Tinsley Concessions parties to the original litigation. However, KRS § 275.010(2) provides, "A limited liability company is a legal entity distinct from its members." Accordingly, there is no basis for finding that when the plaintiffs served GW Tinsley, LLC with the initial complaint naming it as a defendant, that action also made George Tinsley a party, much less that it made a corporation of which George Tinsley was the President and Director a party. Instead, as separate legal entities from GW Tinsley, LLC, George Tinsley and Tinsley Concessions were entitled to remove within 30 days of being served with the supplemental and amended complaint that, for the first time, named them as parties to this action.

Having found that the removal was timely, the court turns to the question of whether the requirements of diversity jurisdiction have been met. Initially, the parties do not dispute that the amount in controversy requirement is met. The parties also have no dispute that both plaintiffs – CASS and Alexander – are citizens of Kentucky, that defendant Host is a citizen of both Delaware and Maryland, that defendant George Tinsley is a citizen of Florida, and that Tinsley Concessions is a citizen of Florida, since that is both its state of incorporation and the state where its principal place of business is located. The focus of the dispute centers on defendant Host-TFC-RSL.

---

[2] Although Host could not have timely removed, *Brierly* provides that Host could still consent to removal by the other defendants. *See Brierly*, 184 F.3d at 533 n.3.

In its notice of removal, the defendants stated that Host-TFC-RSL is a limited liability company that has three members: Host, Tinsley Concessions, and RD Services, LLC ("RD Services"). They further stated that RD Services has two members, Doris and Ryan Bridgman, both of whom were citizens of Kentucky, making RD Services a citizen of Kentucky. Thus, the defendants acknowledge in the notice of removal that Host-TFC-RSL is a citizen of Delaware and Maryland (Host), Florida (Tinsley Concessions), and Kentucky (RD Services). Acknowledging that Host-TFC-RSL's citizenship in Kentucky would destroy diversity, the defendants argued in the notice of removal that the plaintiffs had no colorable cause of action against Host-TFC-RSL, and thus its citizenship should be ignored.

In their motion to remand, the plaintiffs disputed the notion that they had no colorable cause of action against Host-TFC-RSL. After the briefing was completed on the motion to remand, the defendants sought to file a supplemental brief. In the supplemental brief, the defendants stated that it had come to their attention that they were mistaken in stating in the notice of removal that RD Services was a member of Host-TFC-RSL. The defendants contended that, in light of the fact that RD Services was not a member of Host-TFC-RSL, the latter was not actually a citizen of Kentucky, and thus complete diversity between the plaintiffs and the defendants existed.

The court begins with the question of the membership of Host-TFC-RSL. With its supplemental brief, Host-TFC-RSL submitted evidence which shows the following: in 2010, Host won a contract to operate concessions at the Louisville International Airport. The contract required that Host partner with a certified Airport Concession Disadvantaged Business Enterprise ("ACDBE"). On August 12, 2010, Host, Tinsley Concessions, and RD Services entered into a written agreement to form Host-TFC-RSL to operate the concessions pursuant to Host's contract.

Although Tinsley Concessions and RD Services were not yet certified as ACDBEs at the time Host-TFC-RSL was formed, the agreement contemplated that both Tinsley Concessions and RD Services would seek and maintain certification as ACDBEs. Because Host anticipated that RD Services would obtain its ACDBE certification first, the agreement provided that Host would have a 65% stake in Host-TFC-RSL and RD Services would own 35% of it, while, at the outset, Tinsley Concessions would not have an ownership stake. Instead, Tinsley Concessions would have an option to purchase an 18% stake from RD Services once it obtained ACDBE certification.

At the time that Host-TFC-RSL was to begin operating the concessions, RD Services had not yet obtained its ACDBE certification, but Tinsley Concessions had. Therefore, on October 22, 2010, Host, Tinsley Concessions, and RD Services entered into an amended operating agreement. That agreement provided that if RD Services was not certified as an ACDBE by November 1, 2010, then Tinsley Concessions "shall obtain the [RD Services] ownership interest in the Company . . . . Upon certification as an ACDBE, [RD Services] shall have the option to purchase [a 17%] ownership interest from [Tinsley Concessions]." Thus, under the amended operating agreement, on November 1, 2010, RD Services and Tinsley Concessions essentially switched places with each other, so that Tinsley Concessions owned 35% of Host-TFC-RSL and RD Services could purchase an ownership interest if it was certified as an ACDBE. However, according to an affidavit of Host's Vice President and Associate General Counsel, RD Services did not exercise its option to purchase an ownership interest in Host-TFC-RSL, and thus has no ownership interest in Host-TFC-RSL.

In response to the new evidence concerning Host-TFC-RSL's members, the plaintiffs provided this court with a printout from the Kentucky Secretary of State's website, which states that RD Services – along with Host and Tinsley Concessions – is a member of Host-TFC-RSL. The

defendants state in their reply papers that it was "an inadvertent oversight" in the filing of documents with the Secretary of State that led to RD Services being listed as a member of Host-TFC-RSL. The defendants submitted to the court a copy of Articles of Correction filed with the Secretary of State on November 21, 2012, which states as follows:

> The Annual Report filed on the 5th day of June, 2012 by the Company contains an inaccuracy in the listing of the members of the Company, namely that RD Services LLC was incorrectly identified as a member of the Company. The only members of the Company are:
>
> • Tinsley Family Concessions, Inc.
>
> • Host International, Inc.
>
> These Articles of Correction, in accordance with KRS § 14A.2-090(3), shall be effective as of the filing date of the corrected Annual Report, that being June 5, 2012.

Additionally, the defendants submitted an updated printout from the Secretary of State's website, which no longer shows RD Services as a member of Host-TFC-RSL.

The court finds that the removing defendants have met their burden of showing that the requirements of diversity jurisdiction, including the requirement of complete diversity between the plaintiffs and the defendants, has been met. In particular, the evidence presented by the defendants conclusively shows that, dating back at least to November 1, 2010, RD Services was not a member of Host-TFC-RSL. Instead, RD Services simply had an option, which it never exercised, to purchase an ownership interest in Host-TFC-RSL. Because RD Services was not a member of Host-TFC-RSL at the time that the plaintiffs filed their amended complaint naming Host-TFC-RSL as a defendant nor was it a member at the time of removal, its citizenship is irrelevant to the citizenship of Host-TFC-RSL. And because Host-TFC-RSL is therefore not a citizen of Kentucky, there exists complete

diversity of citizenship between the plaintiffs and the defendants.[3] Thus, the plaintiffs' motion to remand will be denied, as will their motion for attorneys fees for improper removal.

For all the reasons stated above and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that: (1) the motion of the defendants for leave to file a sur-reply (DN 15) is **GRANTED**; (2) the motion of the defendants for leave to file a supplemental brief (DN 17) is **GRANTED**; (3) the motion of the plaintiffs to remand the action to state court (DN 9) is **DENIED**; and (4) the motion of the plaintiffs for attorneys fees (DN 10) is **DENIED**.

December 14, 2012

**Charles R. Simpson III, Judge**
**United States District Court**

---

[3] Because the court has found that complete diversity of citizenship exists even if Host-TFC-RSL is a named defendant, it does not consider the defendants' alternative argument that Host-TFC-RSL was frauduletly joined.